UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KHALIL NEAL, on behalf of himself
and all others similarly situated,

    Plaintiffs,

v.                                                                              CASE NO.: 1:24-cv22783

SANITAS USA, INC., a Florida Profit
Corporation; SANITAS CARE, P.A.,
a Florida Profit Corporation; and
GUIDEWELL EMERGENCY MEDICINE        **RULE 23 CLASS AND**
DOCTORS, LLC, a Florida Limited Liability   **FLSA COLLECTIVE CLASS**
Corporation; .

    Defendants.
_____/

## RULE 23 CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, KHALIL NEAL ("Neal" or "Plaintiff"), on behalf of himself and other similarly situated employees (collectively, "Plaintiffs"), through undersigned counsel, sues Defendants, SANITAS USA, INC. ("S-USA"), SANITAS CARE, P.A. ("S-CARE"), and GUIDEWELL EMERGENCY MEDICINE DOCTORS, LLC ("GUIDEWELL"), (collectively "Defendants") and in support states as follows:

### INTRODUCTION

1.    Defendants are employers of Plaintiff and others similarly situated. Defendants employed NEAL from June 2022 through February 2024, and NEAL worked as a "Medical Lab Technician ("Tech") during his entire period of employment.

2.    While employed as a Tech by Defendants, Plaintiff was incorrectly and unlawfully paid less than the number of hours he worked and was contractually obligated to be paid. Specifically,

1

Plaintiff alleges that he and those similarly situated were not paid for all hours worked due to an automatically deducted daily thirty (30) minute break which was unpaid by Defendants even when such breaks were worked and not taken.

3. Plaintiff NEAL brings an action for unpaid wages under a Breach of Contract for wages theory (Count One), and other relief pursuant to Florida law on behalf of himself and similarly situated Techs throughout Florida for the Florida Breach of Contract Class ("FBOC").

4. Plaintiff NEAL also brings an action for unpaid overtime wages (Count Two), and other relief pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") on behalf of himself and similarly situated Techs nationwide as a FLSA Collective Class ("FCC").

5. Plaintiff Neal is an adult individual living in Orange County, Florida. Plaintiff's Notice of Consent to Join is attached as Exhibit A.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of the Fair Labor Standards Act ("FLSA") claims pursuant to 29 U.S.C. § 216(b), *et seq.*, and 28 U.S.C. § 1331, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in Miami-Dade County, as the principal places of business for Defendants SANITAS USA, INC. and SANITAS CARE, P.A. are located in Miami-Dade County, Florida, and the policies giving rise to the instant actions were initiated and taken at those respective locations.

## PARTIES

8. Defendant SANITAS USA, INC. ("S-USA") is a Florida Profit Corporation with its principal place of business in Miami-Dade County, Florida. S-USA operates business locations throughout the United States, including Miami-Dade County, and Orange County, Florida.

9. Defendant SANITAS CARE, P.A. ("S-CARE") is a Florida Profit Corporation with its principal place of business in Miami-Dade County, Florida. S-CARE operates business locations throughout the United States, including Miami-Dade County, and Orange County, Florida.

10. Defendant GUIDEWELL EMERGENCY MEDICINE DOCTORS, LLC ("GUIDEWELL") is a Florida Limited Liability Corporation with its principal place of business in Orange County, Florida and operates business locations throughout the United States.

11. Plaintiff resided and is domiciled in Orange County, Florida.

12. Plaintiff worked for Defendants in Orange County, Florida.

## RULE 23 BREACH OF CONTRACT CLASS ALLEGATIONS

13. Plaintiff brings the First Cause of Action (Count One) as a class action for Breach of Contract for unpaid wages as the Florida Breach of Contract Class ("FBOC") pursuant to Federal Rule of Civil Procedure 23 and Florida State law.

14. At all relevant times, Defendants were aware of Plaintiff and similarly situated employees working hours during the workweek for which no compensation was paid.

15. Other employees who worked for Defendants, and who are members of the class as defined herein, were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation for "off the clock" work mandated by Defendants; and, for deductions for breaks they did not take. Defendants actively discouraged Plaintiffs from taking timely meal and rest breaks.

16. Excluded from the FBOC are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the

Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the FBOC Class.

17. Upon information and belief, the size of the FBOC is at least forty (40) workers.

18. Plaintiff brings a class claim for breach of contract pursuant to Florida law and Federal Rule of Civil Procedure 23. The class of similarly situated Techs seeking damages for breach of contract is defined as:

> All Medical Lab Technicians, or other positions with similar duties regardless of title, who were classified as FLSA Non-Exempt and performed work in Florida during the five (5) years preceding the filing of the Complaint and were not paid on a weekly basis for all hours worked.

19. The persons in the FBOC identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

20. Defendants acted or refused to act on grounds generally applicable to the FBOC, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the FBOC is not practicable.

21. The First Cause of Action for the FBOC is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the FBOC that predominate over any questions solely affecting individual members of the FBOC, including but not limited to:

   a. whether Defendants paid Plaintiffs and members of the FBOC on a weekly basis as contractually required;

   b. whether Defendant's failure to pay hours worked but unpaid due to automatic deduction was in violation of Florida state law; and

c. the nature and extent of FBOC Class-wide injury and the appropriate measure of damages for the FBOC.

22. The claims of Plaintiff are typical of the claims of the FBOC he seeks to represent. Plaintiff and the members of the FBOC work or worked for Defendants and were subjected to Defendants' policy and pattern or practice of failing to timely pay wages for all hours worked. Defendants acted and refused to act on grounds generally applicable to the FBOC, thereby making declaratory relief with respect to the FBOC impracticable.

23. Plaintiff will fairly and adequately represent and protect the interests of the FBOC. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the FBOC to represent their interests fairly and adequately. Plaintiff recognizes that as a class representative, he must represent and consider the interests of the FBOC just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the FBOC. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the FBOC. Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

24. Plaintiff retained counsel competent and experienced in complex class action employment litigation.

25. A class action for the FBOC is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in

federal court against corporate defendants. The members of the FBOC were damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the FBOC are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices and because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

26. During the relevant period, Plaintiff worked through lunches and breaks without being paid his regular rate of pay. Defendants were aware of these unpaid hours being worked for which they were not compensating Plaintiff and the similarly situated employees within the FBOC as alleged herein.

## FLSA COLLECTIVE CLASS ALLEGATIONS

27. Defendant GUIDEWELL is an enterprise engaged in interstate commerce with annual gross business revenue of $500,000.00 or more during the relevant time.

28. Defendant S-USA is an enterprise engaged in interstate commerce with annual gross business revenue of $500,000.00 or more during the relevant time.

29. Defendant S-CARE is an enterprise engaged in interstate commerce with annual gross business revenue of $500,000.00 or more during the relevant time.

30. Defendant GUIDEWELL was an "employer" of Plaintiff and the FCC as defined by 29 U.S.C. § 203(d).

31. Defendant S-USA was an "employer" of Plaintiff and the FCC as defined by 29 U.S.C. § 203(d).

32. Defendant S-CARE was an "employer" of Plaintiff and the FCC as defined by 29 U.S.C. § 203(d).

33. Plaintiff was an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

34. Plaintiff was an employee of Defendants from June 2022 through February 2024.

35. The FLSA Collective Class of similarly situated Techs ("FCC") seeking overtime wages pursuant to the FLSA is defined as:

> **All Medical Lab Technicians, or other positions with similar duties regardless of title, who were classified as FLSA Non-Exempt employees during the three years preceding the filing of the Complaint and did not receive time-and-a-half wages for the hours they worked over forty (40) in a workweek.**

36. At all relevant times Defendants directly, or through their agents or other persons, exercised control over the wages, hours, and working conditions of Plaintiff and the FCC.

37. The FCC was employed by Defendants.

38. Plaintiff and the FCC had primary job duties of processing lab specimens.

39. Plaintiff and the FCC were not exempt under any exemption pursuant to 29 U.S.C. § 213.

40. Defendants classified Plaintiff and the FCC as FLSA non-exempt employees and were paid on an hourly basis.

41. At all relevant times Defendants directly, or through their agents or other persons exercised control over the wages, hours, and working conditions of Plaintiff and the FCC.

42. Defendants automatically deducted daily thirty (30) minute breaks from Plaintiff's and the FCC pay even when they did not take such breaks by working during such deducted breaks.

43. Defendants had knowledge they incorrectly and automatically deducted time from Plaintiff and the FCC for breaks not taken.

44. Plaintiff and the FCC worked in excess of forty (40) hours per week but were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times their regular rates of pay.

45. At all relevant times, Defendants had knowledge that Plaintiff and the FCC were not being properly compensated for all hours worked.

46. To the best of Plaintiff NEAL'S knowledge, Defendants employs approximately forty (40) similarly situated employees nationwide during the relevant time.

47. Other employees who worked for Defendants throughout the nation, and who are members of the FCC as defined herein were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation for not being paid all wages and overtime due and owing.

48. At all relevant times Plaintiff and the FCC are, and have been, similarly situated. Plaintiff and the FCC had substantially similar job requirements and pay provisions, and were subjected to Defendants' common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week, and (2) willfully failed to keep records required by the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other potential plaintiffs who are similarly situated and putative members of the FCC.

49. Throughout Plaintiff's employment, Defendants failed to properly compensate him for all overtime worked in violation of the FLSA.

50. Defendants were aware of Plaintiffs working overtime and knew or should have known they were not getting properly compensated for those hours worked.

51. Plaintiff and the FCC sustained damages from Defendants' failure to properly pay overtime compensation.

52. Plaintiff will fairly and adequately protect the interests of the FCC and retained counsel experienced and competent in labor and employment law and class action litigation. Plaintiff has no interests which are antagonistic to those of the FCC.

53. Plaintiff's claims are typical of the claims for the FCC, in that he was performing the same and/or similar job duties; was paid hourly (non-exempt); was not paid for hours worked under forty (40) hours per week; worked more than forty (40) hours in a single work week; was not paid overtime; and, was harmed by Defendant's failure to pay the overtime compensation due and owing.

54. Collective Action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

55. Plaintiff retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

## COUNT I
## Breach of Contract for Unpaid Wages

56. Plaintiff incorporates the foregoing allegations by reference.

57. Defendants were employers of Plaintiff and the FBOC.

58. Plaintiff and the FBOC entered valid and enforceable agreements with Defendants under which Plaintiff and the FBOC were to be paid for all hours worked for Defendants.

59. During the relevant time, Defendants failed to pay Plaintiff and the FBOC for all hours worked in breach of said agreements.

60. Defendants' agreement with Plaintiff and the FBOC required payment on a weekly basis for all hours worked at the agreed upon rate of pay.

61. Defendants failed to comply with the agreement, as it regularly failed to pay Plaintiff and the FBOC on a weekly basis correctly and timely, in breach of this agreement.

62. As a result of Defendants' breach of contract for unpaid wages, Plaintiff and the FBOC suffered damages.

63. Plaintiff, individually and on behalf of the FBOC, seeks damages for a period of two (2) years from the date of the filing of this Complaint, as well as reasonable attorney's fees, costs, litigation expenses, including expert witness fees, along with pre- and post-judgment interest at the highest rate allowed by law.

64. Plaintiff retained LYTLE & BARSZCZ, P.A. to represent him in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

## **COUNT II**
## **Violation of the Overtime Provisions**
## **of the Fair Labor Standards Act**

65. Plaintiff incorporates the foregoing allegations by reference.

66. During the relevant statutory period, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours per week.

67. Defendants willfully failed to pay Plaintiff the required overtime rate, one-and-one-half times his regular rate, for all hours worked in excess of forty (40) hours per week.

68. Defendants willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff is and/or was entitled to overtime compensation.

69. Defendants' failure to pay the required overtime rate was willful and the result of a common policy or plan that Plaintiff and all similarly situated employees were subjected to, which

resulted in Plaintiff and similarly situated employees not being paid one-and-one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

70. Due to Defendants' willful violation of the FLSA, a three (3) year statute of limitation applies.

71. As a result of Defendants' violations of the FLSA, Plaintiff and other similarly situated employees have suffered damages.

72. Plaintiff retained LYTLE & BARSZCZ, P.A. to represent him in this matter and has agreed to pay said firm attorneys' fees and costs for its services to prosecute this case.

## RELIEF SOUGHT

**WHEREFORE** Plaintiff, on behalf of himself and other similarly situated employees, demands judgment against Defendants for the following:

A. Certification of this action as a Rule 23 class for breach of contract for unpaid wages;

B. Certification of this action as an FLSA collective action brought pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as a representative of the FLSA Collective Action and Rule 23 Class Action;

D. That all non-exempt hourly Florida Medical Lab Technicians be automatically included in the Rule 23 Breach of Contract action, and that Plaintiff be permitted to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present similarly situated employees employed by Defendants at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

E.  That all past and present members of the Class be informed of the nature of this action, and similarly situated employee's right to join this lawsuit;

F.  Equitable tolling of the statute of limitations for all potential Rule 23 Plaintiffs from the date of the filing of this Complaint and for all collective FLSA opt in Plaintiffs from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

G.  That the Court enjoin Defendants pursuant to 29 U.S.C. § 217 of the FLSA from withholding future payment of overtime compensation owed to members of the Class;

H.  Payment of unpaid wages and unpaid overtime to Plaintiff and those similarly situated proven to be due and owing;

I.  An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

J.  Pre- and post-judgment interest as allowed by law;

K.  Attorneys' fees and costs; and

L.  Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and all other issues so triable.

Respectfully submitted this 22d day of July 2024.

> ***/s/ David V. Barszcz***
> **David V. Barszcz, Esq.**
> Florida Bar No. 0750581
> **Mary E. Lytle, Esq.**
> Florida Bar No. 0007950
> **LYTLE & BARSZCZ, P.A.**
> 533 Versailles Dr., Second Floor
> Maitland, Florida 32751
> Telephone: (407) 622-6544
> Facsimile: (407) 622-6545
> dbarszcz@lblaw.attorney
> mlytle@lblaw.attorney
> **Counsel for Plaintiff**