UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KHALIL NEAL, on behalf of himself
and all others similarly situated,

Plaintiffs,

v.                                                        CASE NO.: 1:24-cv-22783-JB

SANITAS USA, INC., a Florida Profit
Corporation; and GUIDEWELL
EMERGENCY MEDICINE DOCTORS,
LLC, a Florida Limited Liability Company

Defendants.
_____/

**JOINT MOTION TO APPROVE CONFIDENTIAL
SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE**

Plaintiff and Defendants, by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Confidential Settlement Agreement and to Dismiss with Prejudice.

**PRELIMINARY STATEMENT**

Plaintiff initiated this action on behalf of himself and others similarly situated on or about July 22, 2024, and filed his First Amended Complaint against Defendants on January 29, 2025. Plaintiff alleges, *inter alia*, that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), by failing to pay for overtime hours worked. Defendants deny any wrongdoing under the FLSA, or any other basis, and deny that they owe Plaintiff any additional compensation. However, to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement in this matter. The Settlement Agreement is attached as Exhibit A[1].

---

[1] Counsel for Defendant, Sanitas USA, Inc., has reviewed and approved the Settlement Agreement and has indicated that an executed copy will be provided shortly. To comply with the filing deadline, and so as not to burden the Court with a further request for extension for what is expected to be only a brief delay, the parties submit this Joint Motion with the Settlement Agreement as executed by Plaintiff and Defendant, Guidewell Emergency Medicine Doctors, LLC. The fully executed agreement, including Sanitas USA, Inc.'s signature, will be promptly filed upon receipt.

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the district court or the Secretary of Labor. Accordingly, the Parties request that the Court approve the Parties' Settlement Agreement in this matter.

## ARGUMENT AND CITATION OF AUTHORITY

THE SETTLEMENT AGREEMENT NEGOTIATED BY THE PARTIES IS A FAIR AND REASONABLE RESOLUTION OF THE FLSA CLAIM IN THIS MATTER. ACCORDINGLY, THIS COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT.

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1350. To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

The Parties respectfully request this court approve the FLSA Settlement Agreement reached between the Parties as fair and reasonable. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

In *Lynn's Food*, the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable. *Id.; Barnett v. Melbourne Beach Supermarket, Inc*., Case No. 6:22-cv-001-ACC-GJK, 2022 U.S. Dist. LEXIS 15047, *2-3 (M.D. Fla. Jan. 27, 2022).

Pursuant to *Lynn's Food*, the Court's review of the Parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See*, *e.g.*,

*Gruendner v. Douce France Bakery, Inc.*, 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012); *Lalog v. Hilton Resorts Corp.*, 2011 WL 1659383, *1 (M.D. Fla. Apr. 4. 2012).

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of collusion behind the settlement;

(2) the complexity, expense and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and,

(6) the opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat'l Assoc.*, 18 F. ed 1527, 1531 n. 6 (11th Cir. 1994).

In this case, Plaintiff did not compromise his claim in any way. He is receiving the full amount of overtime pay he claims he is owed and an equal amount in liquidated damages. (Defendants are taxing Plaintiff's entire FLSA amount with a W-2). Thus, the agreement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Barnett* at *7, *quoting Lynn's Food*, 679 F. 2d. at 1354.

Proceeding through the *Leverso* factors for this Court:

**No Collusion behind the Settlement**. There was no collusion behind the settlement. At all times material hereto, Plaintiff and Defendants were represented by counsel experienced in litigating FLSA cases. Both the terms and conditions of the Parties' FLSA Settlement Agreement and the settlement amounts were the subject of arms-length negotiations between counsel. This factor supports approval of the FLSA Settlement Agreement.

**The complexity, expense and likely duration of the litigation**. With respect to the second factor, litigation would have been more burdensome and costly for both sides than resolving this matter at this stage in the proceedings.  This factor supports approval of the FLSA Settlement Agreement.

**The stage of the proceedings and the amount of discovery completed.**  Although this settlement was early in the proceedings, the Parties were able to resolve this matter without burdening the court.  Plaintiff's FLSA claims were not compromised in the instant case.  In addition, although there was not a specific court ordered exchange of documents in this case, Defendants' counsel sent some of the relevant documents, and Plaintiff's counsel worked with Plaintiff to gather all evidence reflecting the amount Plaintiff was owed, and worked to make sure Plaintiff did not have to compromise his claim in any way.

**The probability of plaintiff's success on the merits.** The probability of success on the merits is uncertain for both Parties, further suggesting that this settlement is fair and appropriate. Defendants' position is that Plaintiff was not owed as much overtime as he claimed, nor was he owed liquidated damages. Therefore, while both sides believe they could be successful on the merits, this settlement alleviates the risks associated with the claims and defenses in this matter.

**The range of possible recovery.** With respect to the fifth factor, it is Plaintiff's position that the total amount owed in unpaid wages and liquidated damages is $4,212.00.  Plaintiff is being paid all that he is owed under the FLSA.

**The opinions of counsel.**     Finally, with respect to the last *Leverso* factor, counsel agree that settlement is in the best interests of the Parties and that further litigation would only be more costly and burdensome.

With respect to attorneys' fees and costs, because Plaintiff will receive all the FLSA compensation due to him, the Court does not need to consider whether the attorney's fees paid

under the FLSA Settlement Agreement are reasonable because they did not "taint" the amount Plaintiff agreed to accept to settle his case. *Barnett* at *8, *citing Granger v. Water Sports Mgmt., Inc.*, Case No. 6:08-cv-1283-GAP-KRS, 2009 WL 1396286, at *2 (M.D. Fla. May 18, 2009).

To further elaborate on the amount being paid to Plaintiff's counsel, it was negotiated separately from Plaintiff's FLSA recovery, and it was negotiated after the Parties had already agreed upon the total amount Plaintiff was being paid for his FLSA claim ($4,212.00). *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

In addition, Plaintiff's counsel sent their detailed billings and costs to Defendants' counsel. Since the attorneys' fees and costs were resolved after the Parties agreed to Plaintiff's recovery, the attorneys' fees and costs in this case did not adversely affect Plaintiff's recovery.

After the FLSA claims and Plaintiffs' counsel's attorney's fees and costs were agreed to as discussed above, the Parties negotiated a general release. The negotiations related to the general release were completely separate from the negotiations on Plaintiff's FLSA claims. Plaintiff is being paid an additional $1,500.00 for the general release as reflected in the Settlement Agreement.

Based upon the foregoing, the Parties agree that the attached Settlement Agreement represents a fair and equitable resolution of this matter. Accordingly, the Parties respectfully request that the Court enter an Order approving the Parties' Settlement Agreement, dismiss this action with prejudice and retain jurisdiction to enforce the terms of the settlement.

Dated:  May 6, 2025.

Respectfully submitted,

| **LYTLE & BARSZCZ, P.A.** | **GRAYROBINSON, P.A.** |
|---|---|
| *s/ David. V. Barszcz* | *s/ Marlene Quintana* |
| David V. Barszcz | Marlene Quintana, B.C.S. |
| Florida Bar No. 750581 | Florida Bar No. 88358 |
| Mary-Evelyn Lytle | Andres J. Garcia |
| Florida Bar No. 7950 | Florida Bar No. 1058220 |
| 533 Versailles Drive, Suite 100 | 333 S.E. 2nd Avenue, Suite 3200 |
| Maitland, Florida 32751 | Miami, Florida 33131 |
| Telephone: (407) 622-6544 | Telephone: (305) 416-6880 |
| Facsimile: (407) 622-6545 | Facsimile: (305) 416-6887 |
| dbarszcz@lblaw.attorney | marlene.quintana@gray-robinson.com |
| mlytle@lblaw.attorney | andy.garcia@gray-robinson.com |
| *Counsel for Plaintiff, Khalil Neal* | *Counsel for Defendant, Guidewell Emergency Medicine Doctors, LLC* |

**LYDECKER, LLP**

*s/ Yina Cabrera*
Stephanie Pidermann
Florida Bar No. 60414
Yina Cabrera
Florida Bar No. 1031499
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190
ye@lydecker.com
sp@lydeckerdiaz.com
*Counsel for Defendant, Sanitas USA*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 6, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                */s/ Marlene Quintana*
                                                *Counsel for Defendant, Guidewell*
                                                *Emergency Medicine Doctors, LLC*

#63662699 v1